## Thornton v. Stimson.

(Decided October 31, 1924.)

### Appeal from Taylor Circuit Court.

1. Partition—Statement in Affidavit that Affiant would have bid Certain Amount Not Evidence of Value.—Statement in affidavit, by one excepting to sale, that affiant would have bid $1,000.00 more than land sold for, was no evidence of value.

2. Partition—Defendant Held Not Entitled to have Sale Set Aside on Ground of Unavoidable Casualty, when he Suffered no Financial Loss.—Defendant was not entitled to have sale set aside on ground of unavoidable casualty preventing presence at sale, where land brought its full market value, as he suffered no financial loss, though, if present, he would have bid more than land sold for.

W. M. JACKSON and W. H. SPRAGENS for appellant.

H. S. McELROY, H. S. ROBINSON, J. R. SANDERS and FRED FAULKNER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

William A. Thornton, Harry B. Thornton and D. C. Stimson were the joint owners of a tract of land in Taylor county. They each joined as plaintiffs in an equitable action alleging that Harry B. Thornton was the owner of an undivided 100 acres of said tract, that D. C. Stimson was also the owner of an undivided 100 acres thereof, and William A. Thornton the owner of the undivided residue.

They described the land and allege that it is indivisible, and one of the deeds filed with the petition as evidence of title refers to the quantity as "supposed to contain 300 acres, more or less." They also allege that a survey will be required in order to ascertain the number of acres of the tract so that the court may direct a proper distribution of the proceeds.

A survey was ordered by the court and showed there were 391 and a fraction acres in the tract. A sale was ordered and had upon this basis, at which Harry B. Thornton became the purchaser of the whole for $6,500.00.

The appellee Stimson, one of the joint owners, filed his exceptions to the sale, which were sustained and the sale set aside, from which judgment Harry B. Thornton, the purchaser and one of the joint owners, appeals.

The grounds relied upon are that appellee was prevented from being present at the sale because of the death and burial of his aunt; and he says that if he had been present at the sale he would have bid at least one thousand dollars more for the property, and executed solvent bonds therefor, and that the land brought less than the fair market value by at least $1,000.00.

In his affidavit filed in support of these grounds he states that he expected to be present at and a bidder on the land at the sale, and that he was a resident of Daviess county, Kentucky; that just prior to the date of sale he had been absent from the state and was returning for the purpose of attending the sale and arrived at Indinapolis, Indiana, the day before, and in ample time to reach the place of sale the next day. But that when he reached Indianapolis he learned of the death of his aunt, and that affiant was badly needed, and was asked by his relatives to aid them in the details of the funeral and to accompany the remains to Martinsville, Indiana, the place of burial, and that out of a sense of duty and the respect he owed the memory of his aunt he did these things and attended her funeral at Martinsville, Indiana, on the day of the sale, whereby it became impossible for him to attend the sale.

On the question of value his affidavit is silent; it only recites that

"had he been present at said sale he would if necessary have bid at least $1,000.00 more for said land than it sold for."

On the contrary, all of the evidence heard on the exceptions as shown by the joint affidavit of several residents of the county who were each well acquainted with the land, is that

"they consider the sum said land brought at said sale, to-wit, $6,500.00, a splendid price and every cent said land was then and is now worth on the market."

The statement in appellee's affidavit that he would if present at the sale have bid $7,500.00 for the property is not evidence of value, for because of certain sentimental or other reasons he may have been willing to pay much more than its value. We then have the uncontroverted evidence to the effect that the property brought its full market value and the question is, was appellee entitled to have the sale set aside upon the ground of unavoidable casualty when he has in fact suffered no financial loss?

It is not the unavoidable casualty itself which entitles a party to have a sale set aside under these or similar circumstances; it is the financial loss growing out of and resulting from that unavoidable casualty. Here there has been no financial loss, and the only thing appellee has been deprived of, if his aunt's death may be said to constitute unavoidable casualty, is the privilege of attending the sale and bidding, for sentimental or other reasons, more than the value of the property.

There being no inadequacy of price at the sale which resulted from the alleged unavoidable casualty the sale should not have been set aside.

The judgment is reversed with directions to set aside the order setting aside the sale and enter an order of confirmation.